Dear Ms. Hicks:
Pursuant to our conversation I have researched your questions concerning an interpretation of LSA-R.S. 9:5168, that statute which prescribes the manner in which a lost or destroyed promissory note, secured by a mortgage or vendor's privilege on immovable property, shall be canceled upon full payment of the note.
I understand your questions to be the following:
 May the Clerk of Court cancel the note if the current "holder" of the note, the affiant, is not reflected as an assignee in the public record?
 What does the affiant, the last have to allege to satisfy the statute?
 If the affiant fails to allege the manner and date of acquisition of the note can the Clerk of Court refuse to cancel the mortgage?
 Should the affidavit prescribed by the statute cancel the mortgage?
In order to answer these questions I have reviewed the above-referenced statute as well as LSA-R.S. 9:5167, which also addresses the issue of lost or destroyed notes and the obligations of the Clerk of Court as regards cancellation of the mortgage.
I also reviewed the Louisiana Civil Code which states in relevant part at LSA-C.C. art. 3337:
 The recorder shall cancel or erase a mortgage or privilege from his records as prescribed by legislation when:
 (1) Proper evidence that the mortgage or privilege is extinguished is filed with him . . .
As Article 3337 indicates, the cancellation must be accomplished "in the manner prescribed by legislation." Therefore the article requires reference to other provisions of law for its implementation.
Directed by the Civil Code to the statute believe your inquires are answered by a common sense straightforward reading of the statute, LSA-R.S. 9:5168. The statute lays out the seven parts of the affidavit of the last holder of the promissory note. All of these elements must be contained within the affiant's affidavit. It appears that the Clerk of Court has no discretion in this regard.
Likewise it would appear that the Clerk cannot demand that the affiant of the note, even in the instance where assignment recorded in the public record, describe manner and date of his acquisition of the note. The affiant merely has to state that he is in fact the last holder of the note.
It would appear from a reading of LSA-R.S. 9:5157 and 9:5168 in conjunction with each other that the intent of the Legislature was that once the affiant had attested to all the elements required by statute the affidavit was a substitute for the original note which would have been marked PAID IN FULL. Therefore the Clerk should record the affidavit and as would be the case in an ordinary cancellation cancel the inscription of the mortgage or vendor's lien and record in an ordinary manner this cancellation.
In summary the affiant in the case of a lost or destroyed note is obliged to satisfy completely the statutory requirements of LSA-R.S. 9: 5168. When the Clerk of Court is satisfied that the affidavit satisfies the statutory requirements the inscription of a mortgage or vendor's lien shall be canceled and recorded.
Very Truly Yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: JENIFER SCHAYE ASSISTANT ATTORNEY GENERAL
JS/ams
Date Received:
Date Released: